UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE LUIS PEREYRA,

               Plaintiff,

    v.

FANCY 57 CLEANERS, INC., FANCY HARLEM CLEANERS, INC., FANCY MAYFLOWER CLEANERS, INC., DAE KYUNG BAE a/k/a DAMON BAE and MYOUNG S. BAE,

               Defendants.

Civil Action No.
11-CV-1522 (RJS)

## MEMORANDUM OF LAW BY DEFENDANTS FANCY 57 CLEANERS, INC., FANCY HARLEM CLEANERS, INC., FANCY MAYFLOWER CLEANERS, INC., AND DAE KYUNG BAE a/k/a DAMON BAE, IN SUPPORT OF DEFENDANTS' RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW

Dated: August 6, 2012

SAMUEL CHUANG (SC 5114)
Law Offices of Samuel Chuang, Esq.
135-11 40th Road, Suite 4C
Flushing, NY 11354
(718) 353-4700
Fax: (212) 202-4527
Email: samuel.chuang@chuanglaw.com
*Attorney for Defendants Fancy 57 Cleaners, Inc., Fancy Harlem Cleaners, Inc., Fancy Mayflower Cleaners, Inc., and Dae Kyung Bae a/k/a Damon Bae*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ..........................................................................................................................1

MOTION PURSUANT TO RULE 50(a) .......................................................................................2

"WILLFUL" VIOLATIONS ..........................................................................................................3

    Statute of Limitations Under the FLSA ............................................................................. 4

    Certain Liquidated Damages Under New York Labor Law ............................................... 5

JOINT EMPLOYMENT ................................................................................................................6

    Economic Realities Test ..................................................................................................... 6

    Defendant Mayflower ......................................................................................................... 9

    Defendant Harlem ............................................................................................................ 10

    Defendant Bae .................................................................................................................. 10

STATE MINIMUM WAGE ........................................................................................................12

FEDERAL MINIMUM WAGE ...................................................................................................13

OVERTIME .................................................................................................................................14

CONCLUSION ............................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ........................................................................................................................ 2

Barfield v. N.Y.C. Health & Hospital Corp., 537 F.3d 132, 141-2 (2d Cir. 2008) .......................... 8

Bonnette v. Cal. Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983) ..................... 6, 9

Brock v. Superior Care, Inc., 840 F.2d 1054 (2d Cir. 1988) ............................................................... 7

Carter v. Dutchess Cmty. Coll., 735 F.2d 8 (2d Cir. 1984) ....................................................... 6, 7, 8

Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33 (1961) ..................................................... 6

Herman v. RST Security Services Ltd., 172 F.3d 132, 141 (2d Cir. 1999) .................................. 3, 7

In Re: Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation, ___ F.3d ___, No. 11-2883 (3rd Cir. 6-28-2012 ...................................................................................... 8, 9, 10

Kerman v. City of New York, 374 F.3d 93, 118 (2d Cir. 2004) ......................................................... 2

Keun-Jae Moon v. Joon Gab Kwon, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002) ........................... 5

Lopez v. Silverman ............................................................................................................................... 6

McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S.Ct. 1677 (1988) ............................... 3

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097 (2000) ................ 2

Rutherford Food Corp. v. McComb, 331 U.S. 722, 730, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947) 8, 9

Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 125-30 (1985) ............................................. 3

U.S. v. Silk, 331 U.S. 704, 716, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947) .............................................. 7

Velez v. Sanchez, ___ F.3d ___, 11-90-cv, 34-5 (2d Cir. 7-31-2012) .............................................. 8

Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009) ............................................... 3

Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61 (2d Cir. 2003) ............................................... 7, 8, 9

**Statutes**

29 U.S.C. § 207(a)(1) ........................................................................................................................ 14

29 U.S.C. § 255(a) .............................................................................................................................. 4

29 U.S.C. §§ 201 *et seq* ..................................................................................................................... 3

N.Y. Labor L. § 663(1) (2009) .......................................................................................................... 5

**Regulations**

12 N.Y.C.R.R. § 142-2.1(a)(4) ........................................................................................................ 12

12 N.Y.C.R.R. § 142-2.1(a)(5) ........................................................................................................ 12

12 N.Y.C.R.R. § 142-2.2 ............................................................................................................ 12, 14

**Rules**

Fed. R. Civ. P. 50(a)(1) ................................................................................................................ 2
Rule 50(a) ................................................................................................................................. 1, 2
Rule 50(b) .................................................................................................................................... 2

## INTRODUCTION

The trial held in this action was not well planned or organized for by either side. While there was much more that both sides should have done in preparing for what should have been a relatively simple and straightforward trial, based on the evidence adduced at trial this Court should grant judgment as a matter of law under Rule 50(a)[1] in favor of Defendants against Plaintiff on the following claims:

For Plaintiff's failure to provide a legally sufficient evidentiary basis to show a "willful" violation of the Fair Labor Standards Act (hereinafter, the "FLSA") or New York Labor Law, this Court should grant judgment as a matter of law in favor of Defendants and against Plaintiff on all claims under the Federal Labor Standards Act prior to March 7, 2009, as barred by the applicable statute of limitations, and liquidated damages, if any, under New York Labor Law prior to November 24, 2009.

For Plaintiff's failure to provide a legally sufficient evidentiary basis to show joint employment by Defendant Fancy Mayflower Cleaners, Inc. (hereinafter, "Defendant Mayflower"), Defendant Fancy Harlem Cleaners, Inc. (hereinafter, "Defendant Harlem"), or Defendant Dae Kyung Bae a/k/a Damon Bae (hereinafter, "Defendant Bae"), this Court should grant judgment as a matter of law in favor of such respective Defendant and against Plaintiff on all claims against such Defendants.

For Defendants' undisputed evidence that Defendants in fact paid Plaintiff the applicable federal and New York minimum wage, this Court should grant judgment as a matter of law in favor of Defendants and against Plaintiff on Plaintiff's federal and New York minimum wage claims.

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure (2010) ("Fed. R. Civ. P.").

Lastly, for Defendant's failure to state a "regular rate," a reasonable jury would not have a legally sufficient evidentiary basis to find that Defendant failed to pay Plaintiff overtime at one and one-half times the "regular rate;" therefore this Court should grant judgment as a matter of law in favor of Defendants and against Plaintiff on all claims for unpaid overtime.

On Thursday, July 26, 2012, Defendants shared the transcripts with Plaintiff and the parties' counsels discussed the statute of limitations and joint employment issues. Unfortunately, the parties were not able to agree on those issues. In addition, the substance of this motion relates solely to Rule 50(a), and not to Rule 50(b), or any other post-trial motion; post-trial motions, if any, by Defendants will, respectfully, be made in conformance with the Rules or by order of the Court.

## MOTION PURSUANT TO RULE 50(a)

A court may render judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."[2] The standard for granting summary judgment "mirrors" the standard for judgment as a matter of law, such that the inquiry under each is the same.[3] Accordingly, in ruling on such a motion, the trial court is required to review all of the evidence in the record, but draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.[4]

---

[2] Fed. R. Civ. P. 50(a)(1).

[3] Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S.Ct. 2097 (2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); Kerman v. City of New York, 374 F.3d 93, 118 (2d Cir. 2004).

[4] Reeves at 150-1.

## "WILLFUL" VIOLATIONS

The meaning of the word "willful" as used in the Fair Labor Standards Act (hereinafter, "FLSA")[5] was presented to the U.S. Supreme Court, which held,

> [t]he standard of willfulness that was adopted in *Thurston* [Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 125-30 (1985)] – that *the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute* – is surely a fair reading of the plain language of the Act.

McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S.Ct. 1677 (1988) (citation and emphasis added). The U.S. Supreme Court clarified that:

> If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful under ... the standard we set forth. If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then [its action would not be considered willful] under *Thurston* or the identical standard we approve today.

Id. at 135, n.13. The burden is on the employee to show willfulness. Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009) (citing Herman v. RST Security Services Ltd., 172 F.3d 132, 141 (2d Cir. 1999).

Plaintiff has made no showing that any Defendant knew that its conduct was prohibited by the applicable statutes. Plaintiff has also made no showing that any Defendant showed reckless disregard for the matter of whether its conduct was prohibited by the applicable statutes. Plaintiff never complained to Defendants about alleged compensation issues[6] and any attempts by Defendants to comply with the applicable statutes were refused by Plaintiff (e.g., Plaintiff refused to punch a time clock when directed by Defendants to do so, (Tr. 58:16-21, 75:10-22), instead, he contends he clandestinely punched an unnamed time card for an unspoken purpose,

---

[5]   Codified as amended at 29 U.S.C. §§ 201 *et seq.*

[6]   Tr. 74:16-24. All references to "Tr." is to the trial transcript.

(Tr. 79:23-81:4); and refused to sign documents that Defendants allege is a receipt for the cash portion of his compensation, (Tr. 55:7-56:19, 74:22-75:9).

## Statute of Limitations Under the FLSA

The FLSA provides that civil actions to enforce any cause of action under such act must be commenced within two years after the cause of action accrues, except that a cause of action arising out of a "willful" violation may be commenced within three years after the cause of action accrued.[7]

Plaintiff has made no showing that any Defendant knew that its conduct was prohibited by the FLSA. Plaintiff has also made no showing that any Defendant showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. Therefore, a reasonably jury would not have a legally sufficient evidentiary basis to find that Defendants willfully violated the FLSA.

This action was commenced on March 7, 2011. Plaintiff asserts that he began working for Defendants on January 3, 2007. Accordingly, Plaintiff's claim for alleged violations of the FLSA prior to March 7, 2009, (i.e., from January 3, 2007, through March 6, 2009), is untimely and barred by the applicable statute of limitations. Defendants respectfully request that the Court grant judgment in favor of Defendants for all FLSA claims prior to March 7, 2009.

---

[7] 29 U.S.C. § 255(a).

### Certain Liquidated Damages Under New York Labor Law

New York Labor Law prior to November 24, 2009, authorized "liquidated damages" equal to one-fourth of the unpaid wages due under that statute upon a finding that the employer's violation was "willful."[8] The standard for willfulness in this regard has been treated as equivalent to the FLSA willfulness standard for extension of the statute of limitations.[9]

Plaintiff has made no showing that any Defendant knew that its conduct was prohibited by New York law. Plaintiff has also made no showing that any Defendant showed reckless disregard for the matter of whether its conduct was prohibited by New York law. Therefore, a reasonably jury would not have a legally sufficient evidentiary basis to find that Defendants willfully violated New York law.

Accordingly, Defendants respectfully request that the Court grant judgment in favor of Defendants for any liquidated damages under New York Labor Law prior to November 24, 2009.

---

[8]   N.Y. Labor L. § 663(1) (2009).

[9]   Keun-Jae Moon v. Joon Gab Kwon, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002).

## JOINT EMPLOYMENT

Defendants conceded that Defendant Fancy 57 Cleaners, Inc. is Plaintiff's employer; however, for Plaintiff to have a claim against any of the other defendants, Plaintiff must show that such other defendant is a "joint employer."

In determining whether a particular relationship should be deemed joint employment, courts generally agree that the "economic reality" test should be used.[10] The "well settled" goal of the economic reality test is "to determine whether the employees in question are economically dependent on the putative employer."[11]

### Economic Realities Test

Although the economic reality test and its method of application are widely accepted, courts have differed with formulating the proper factors to use in analyzing economic reality.

In Carter v. Dutchess Cmty. Coll., 735 F.2d 8 (2d Cir. 1984), the Second Circuit held that an inmate conducting tutorial classes in a program managed by a community college had raised genuine issues of material fact as to whether the college was an employer under the FLSA, where, among other things, the college sent compensation directly to the inmate and set the inmate's tutoring schedule. Carter at 13-15. To reach that conclusion, the Second Circuit evaluated whether the college: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. Id. at 12 (borrowing factors from Bonnette v. Cal. Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983)). In

---

[10] Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33 (1961); Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984); Bonnette v. Cal. Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983).

[11] Lopez v. Silverman, 14 F. Supp. 2d 405, 414 (S.D.N.Y. 1998).

Herman v. RSR Security Services Ltd., 172 F.3d 132, 139 (2d Cir. 1999), the Second Circuit applied the same four-factor test.

However, in Brock v. Superior Care, Inc., 840 F.2d 1054 (2d Cir. 1988), the Second Circuit applied a different, more expansive test. The test, drawn from cases distinguishing employees from independent contractors, examined

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

Superior Care at 1058-59 (citing, *inter alia*, U.S. v. Silk, 331 U.S. 704, 716, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947)). The Superior Care factors, particularly factors two and three – the opportunity for profit or loss and their investment in the business, and the degree of skill and independent initiative required of workers – have been used primarily to distinguish independent contractors from employees.[12] These factors do not bear directly on whether workers who are already employed by a primary employer are also employed by a second employer; instead they help courts determine if particular workers are independent of *all* employers.[13]

In Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61 (2d Cir. 2003), the Second Circuit held that the four-factor test in Carter is not necessary to establish an employment relationship.[14] The court held that the determination of whether garment manufacturers who hired contractors to stitch and finish pieces of clothing were joint employers within the meaning of the FLSA and New York law is to be based on "the circumstances of the whole activity," quoting Rutherford

---

[12]  Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 67-8 (2d Cir. 2003).

[13]  Id.

[14]  Id. at 69.

Food Corp. v. McComb, 331 U.S. 722, 730, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947). In the circumstances of that case, the court found the following factors pertinent:

> (1) whether [the manufacturers'] premises and equipment were used for the plaintiffs' work; (2) whether the [c]ontractor [c]orporations had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the manufacturers'] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [the manufacturers] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [manufacturers].

Zheng at 72. The court found those particular factors relevant because they would indicate whether an entity had functional control over workers even in the absence of the formal control measured by the Carter factors. Id.

In Barfield v. N.Y.C. Health & Hospital Corp., 537 F.3d 132, 141-2 (2d Cir. 2008), the Second Circuit held that it "has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." This case-by-case determination by review of the totality of the circumstances was just reaffirmed in Velez v. Sanchez, ___ F.3d ___, 11-90-cv, 34-5 (2d Cir. 7-31-2012).

While there are many cases in the Second Circuit relating to the economic realities test, the most analogous case may be a very recent case from the Third Circuit, In Re: Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation, ___ F.3d ___, No. 11-2883 (3rd Cir. 6-28-2012). In Enterprise, assistant managers of thirty-eight wholly-owned subsidiaries of Enterprise Holdings, Inc. (hereinafter, "Enterprise Holdings"), sought to hold Enterprise Holdings liable as a joint employer. The Third Circuit's interpretation of joint employment seems to be identical to the Second Circuit's interpretation, relying on the same cases (e.g.,

Bonnette, Rutherford, and Zheng).[15] The plaintiffs in Enterprise argued that: (1) through interlocking directorates of Enterprise Holdings and every subsidiary that Enterprise Holdings maintained the degree of control that would classify Enterprise Holdings as an employer; (2) the nature of the business of renting vehicles, which involves both the subsidiaries and the parent, is a compelling indication of joint employment; and (3) because the various employment systems and benefits are recommended by Enterprise Holdings, they in effect are mandatory and not merely recommendations, and, as such, constitute the control which meets the test of a "joint employer."[16] Applying the Enterprise test to the facts before it, the Third Circuit concluded that the district court correctly determined that Enterprise Holdings was not a joint employer of the assistant managers.[17]

### Defendant Mayflower

At trial, Plaintiff only showed that he received pay checks from Defendant Mayflower.[18] Moreover, Plaintiff testified that he never worked for Defendant Mayflower.[19] Plaintiff has not shown that Defendant Mayflower: had the power to hire or fire Plaintiff; supervise or control Plaintiff's work schedule or conditions of employment; determine the rate and method of payment; maintained employment records; or in any way had functional control over Plaintiff. Under the totality of the circumstances, a reasonably jury would not have a legally sufficient evidentiary basis to find that Defendant Mayflower was a joint employer.

---

[15] The Third Circuit refers to its test for joint employment as the Enterprise test for ease of reference. Enterprise at 17-8.

[16] Enterprise at 18.

[17] Id. at 19.

[18] Tr. 47:2-5; PEx. 8. All references to "PEx." are to Plaintiff's exhibits.

[19] Tr. 47:8-10.

Accordingly, Defendant Mayflower respectfully request that the Court grant judgment in favor of Defendant Mayflower as not a joint employer of Plaintiff.

### Defendant Harlem

As with Defendant Mayflower, Plaintiff only showed that he received pay checks from Defendant Harlem and Plaintiff testified that he never worked for Defendant Harlem.[20] Plaintiff has not shown that Defendant Harlem: had the power to hire or fire Plaintiff; supervise or control Plaintiff's work schedule or conditions of employment; determine the rate and method of payment; maintained employment records; or in any way had functional control over Plaintiff. Under the totality of the circumstances, a reasonably jury would not have a legally sufficient evidentiary basis to find that Defendant Harlem was a joint employer.

Accordingly, Defendant Harlem respectfully request that the Court grant judgment in favor of Defendant Harlem as not a joint employer of Plaintiff.

### Defendant Bae

In Enterprise, the plaintiffs contend that Enterprise Holdings held functional control over the assistant managers by way of the guidelines and manuals it promulgated to its subsidiaries.[21] Inasmuch as the adoption of Enterprise Holdings' suggested policies and practices was entirely discretionary on the part of the subsidiaries, Enterprise Holdings had no more authority over the conditions of the assist managers' employment than would a third-party consultant who made suggestions for improvements to the subsidiaries' business practices.[22]

---

[20] Tr. 47:6-7; PEx. 8.

[21] Enterprise at 20.

[22] Id.

Similarly, Defendant Bae had no more authority over the conditions of Plaintiff's employment than would a third-party consultant. Under the totality of the circumstances, a reasonably jury would not have a legally sufficient evidentiary basis to find that Defendant Bae was a joint employer.

Accordingly, Defendant Bae respectfully requests that the Court grant judgment in favor of Defendant Bae as not a joint employer of Plaintiff.

## STATE MINIMUM WAGE

The applicable New York State minimum wage for Plaintiff from the start of his commencement of his employment to July 23, 2009, was $7.15 per hour.[23] From July 24, 2009, through the end of Plaintiff's employment, the applicable New York State minimum wage was $7.25 per hour.[24] This minimum wage is applicable to the first forty hours of the workweek.[25]

When the New York State minimum wage was $7.15 per hour, Plaintiff received net bi-weekly pay checks in the amount of $473.10.[26] When the New York State minimum wage was $7.25 per hour, Plaintiff received net bi-weekly pay checks in the amount of $498.12.[27] Defendants' undisputed testimony was that the gross pay that Plaintiff received via these checks represented the applicable New York State minimum wage for the first forty hours each week for a two week pay period (i.e., $7.15 * 40 * 2 = $572 and $7.25 * 40 * 2 = $580), after employment tax deductions.[28] Employment taxes are proper deductions from the New York State minimum wage.[29]

Therefore, a reasonably jury would not have a legally sufficient evidentiary basis to find that Defendants failed to Plaintiff the applicable New York State minimum wage.

Accordingly, Defendants respectfully request that the Court grant judgment in favor of Defendants as to Plaintiff's New York State minimum wage claim.

---

[23] 12 N.Y.C.R.R. § 142-2.1(a)(4).

[24] 12 N.Y.C.R.R. § 142-2.1(a)(5).

[25] 12 N.Y.C.R.R. § 142-2.2.

[26] PEx. 8 (e.g., Bates No. 000034-54, 000057-61).

[27] PEx. 8 (e.g., Bates No. 000062-3, 000000023-33).

[28] Tr. 88:6-8, 88:13-6.

[29] 12 N.Y.C.R.R. § 142-2.10(a).

## FEDERAL MINIMUM WAGE

During all applicable periods of time, the federal minimum wage has been less than or equal to the New York State minimum wage.

Because a reasonably jury would not have a legally sufficient evidentiary basis to find that Defendants failed to pay Plaintiff the applicable New York State minimum wage, a reasonably jury would also not have a legally sufficient evidentiary basis to find that Defendants failed to pay Plaintiff the applicable federal minimum wage.

Accordingly, Defendants respectfully request that the Court grant judgment in favor of Defendants as to Plaintiff's federal minimum wage claim.

## OVERTIME

The FLSA generally provides that no employer shall employ an employee for a workweek longer than forty hours unless such employee is compensated at one and one-half times the regular rate for the hours in excess of forty hours.[30] New York law follows federal law.[31]

However, Plaintiff failed to state a regular rate of pay. The following exchange demonstrates this:

> THE COURT: What are you saying [Plaintiff] was getting per hour?
>
> MR. GEROULAKIS: A salary. Regular rate of pay has to be determined.
>
> THE COURT: What are you saying is the regular rate of pay?
>
> MR. GEROULAKIS: What the jury determines.
>
> THE COURT: What are you going to argue it is?
>
> MR. GEROULAKIS: That is another question. They will figure it out. That is another question as far as jury instructions are concerned.
>
> THE COURT: What are you going to argue to the jury is the hourly rate?
>
> MR. GEROULAKIS: I was intending to argue to the jury that he was paid on a salary basis and have the Court determine what the regular rate of pay is.
>
> THE COURT: You think I get to decide that? You are not planning to argue at all what the rate of pay was?
>
> MR. GEROULAKIS: Well, I am going [to] say he was paid on a salary basis and that is my intention.

Tr. 131:1-20. Without stating a regular rate of pay, Plaintiff cannot prove that he was not compensated at one and one-half times the regular rate for his overtime hours. Therefore, a

---

[30] 29 U.S.C. § 207(a)(1).

[31] 12 N.Y.C.R.R. § 142-2.2.

reasonably jury would not have a legally sufficient evidentiary basis to find that Defendants failed to pay Plaintiff one and one-half times his regular rate.

Accordingly, Defendants respectfully request that the Court grant judgment in favor of Defendants as to Plaintiff's federal and New York overtime claims.

## CONCLUSION

For the reasons discussed above, Defendants respectfully request that the Court grant this motion for judgment as a matter of law in favor of Defendants and against Plaintiff on the following claims: (1) all claims under the Federal Labor Standards Act prior to March 7, 2009; (2) liquidated damages, if any, under New York Law prior to November 24, 2009; (3) all claims against Defendant Fancy Mayflower Cleaners, Inc.; (4) all claims against Defendant Fancy Harlem Cleaners, Inc.; (5) all claims against Defendant Dae Kyung Bae a/k/a Damon Bae; (6) all claims for unpaid minimum wage; and (7) all claims for unpaid overtime.

Dated: August 6, 2012

Respectfully submitted,

SAMUEL CHUANG (SC 8114)
Law Offices of Samuel Chuang, Esq.
135-11 40th Road, Suite 4C
Flushing, NY 11354
(718) 353-4700
Fax: (212) 202-4527
Email: samuel.chuang@chuanglaw.com
*Attorney for Defendants Fancy 57 Cleaners, Inc., Fancy Harlem Cleaners, Inc., Fancy Mayflower Cleaners, Inc., and Dae Kyung Bae a/k/a Damon Bae*